```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLORADO
```

Criminal Action No. 06-cr-00037-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HARRY L. GAYLE,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing: Order)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, occurring at 10:39 a.m., on the 26th day of June, 2006, in Courtroom A901, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    PATRICIA DAVIES, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    BRIAN HOLLAND, Attorney at Law, 1600 Stout Street, Suite 1000, Denver, Colorado, 80202, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Paul Zuckerman, 901 19th Street, Room A259, Denver, Colorado, 80294, (303) 629-9285

1    (The following proceedings were had and entered of record
2 after the Court heard the arguments of counsel and statement of
3 defendant:)
4    *THE COURT:*  I'll announce the sentence I intend to
5 impose.  Counsel, you'll have another chance to make any legal
6 objections before judgment is entered.
7    Sentencing in the federal system is governed by the
8 provisions of 18 U.S.C. Section 3553(a) and related statutes.
9 Under Section 3553(a), the Court is directed by Congress to
10 impose a sentence that is sufficient but no greater than
11 necessary to accomplish a number of objectives: to reflect the
12 seriousness of the offense, to promote respect for the law, to
13 provide just punishment, to adequately deter criminal conduct,
14 to protect the public from further crimes by the defendant, and
15 to provide the defendant with needed educational or vocational
16 training, medical care, or other correctional treatment in the
17 most effective manner.
18    In order to craft a sentence that meet those
19 objectives, the statute directs the Court to consider a number
20 of factors: the nature and circumstances of the offense, the
21 history and characteristics of the defendant, the kinds of
22 sentences that are available, what the Federal Sentencing
23 Guidelines require, the need to avoid unwarranted sentence
24 disparities among defendants with similar records found guilty
25 of similar conduct, and in the appropriate case, the need for

1  restitution.
2       The presentence report provides valuable information
3  with regard to these factors.  Here, the parties do not dispute
4  its factual contents; and therefore, the Court treats the facts
5  in the presentence report as true.
6       The Court then considers how the Federal Sentencing
7  Guidelines would apply.  Again, the parties do not dispute the
8  calculations under the Federal Sentencing Guidelines.
9       The base offense level for a violation of 26 U.S.C.
10 Section 7206(1) is governed by Section 2T1.1 of the sentencing
11 guidelines.  The base offense level is 10.  Here, there are
12 specific offense characteristics pursuant to Section
13 2T1.1(b)(1).  The offense level is increased by two levels
14 because the defendant failed to report or correctly identify
15 the source of income exceeding $10,000.  This results in an
16 adjusted offense level of 12.  The defendant has accepted
17 responsibility.  And therefore, pursuant to Section 3E1.1(a),
18 the offense level is reduced by two levels for the acceptance
19 of responsibility; and this results in a total offense level of
20 10.
21      The defendant has no criminal history, no juvenile
22 adjudication, and no adult criminal convictions.  As a
23 consequence, his criminal history category is 1.  For an
24 offense level of 10 with a criminal history category of I, the
25 sentencing guidelines recommend incarceration of six to 12

1  months, a supervised release period of one year, or
2  alternatively a probationary period of one to five years
3  providing that there is home detention for at least six months,
4  a fine of between 2,000 and $20,000, and a special assessment
5  of $100, which is mandatory.
6  　　　　　The probation department has recommended no period of
7  incarceration, no period of supervised release, a two-year
8  probationary period with a six-month period of home detention,
9  a $5,000 fine, and the mandatory special assessment of $100.
10 The Government requests this sentence as well.
11 　　　　　The defense does not challenge the calculation under
12 the guidelines but asks that the Court impose a non-guideline
13 sentence, excusing the home detention requirement of six
14 months.  Home detention in this context is electronic
15 monitoring.
16 　　　　　No party has sought a downward departure; and
17 therefore, we turn directly to whether or not a non-guideline
18 sentence should be imposed.
19 　　　　　As I indicated, in the case of *United States of*
20 *America vs. Richard Terrell*, the Tenth Circuit stated that it
21 agreed with the reasoning of Judge Cassell in *U.S.A. vs. Wilson*
22 and my reasoning in the underlying *Terrell* case that we begin
23 with the sentencing guidelines.  They are given heavy weight
24 because they consider all of the factors under 3553(a), and
25 only where their calculations would result in a sentence that

1  is inconsistent with the provisions of 3553(a) should the Court
2  impose a non-guideline sentence.
3          Here, the defense asks for the non-guideline sentence
4  because the amount of nonpayment on taxes of $554 is that much
5  higher than the floor used for the calculation for the
6  guidelines, and in short the defense asks that the Court ignore
7  that $554 amount and treat this as if it was $554 less in
8  amounts owed to -- on taxes.
9          That, I cannot do.  It is inconsistent with the
10 guidelines and inconsistent with Section 3553(a) to ignore the
11 amount here and to substitute my personal judgment as to what a
12 sentence should be.  There is nothing about the amount here in
13 tax liability which is unique; and if there were any uniqueness
14 here, it would be in the fact that there were four underlying
15 transactions where false information was included on the
16 financial affidavits.  That does not argue for leniency even if
17 I were inclined to impose a non-guideline sentence.
18         I am not inclined to impose a non-guideline sentence.
19 The argument that has been made to the Court is that home
20 detention, particularly electronic monitoring, will impair or
21 impede Mr. Gayle's ability to engage in his business
22 activities.  Electronic monitoring, according to the probation
23 department, can be adjusted to provide for his gainful
24 employment outside of business hours, so there should be no
25 problem in him engaging in his ordinary business activities;

1   but it serves both the objectives of the guidelines and the
2   objectives of Section 3553(a) that defendants with similar
3   records found guilty of similar conduct have the same kind of
4   sentence, and it serves the objective of promoting respect for
5   law and consistence in sentencing that the guidelines be
6   applied here.  I therefore decline to impose a non-guideline
7   sentence, and I intend to accept the recommendation of the
8   probation department that there be no custodial term, no
9   supervised release, a two-year probationary sentence subject to
10  the standard conditions imposed in all cases, and the
11  special -- and the following special conditions: that the
12  defendant not incur new credit charges or other open additional
13  lines of credit without approval of the probation officer,
14  which approval will not be given unless he is in compliance
15  with payment on restitution amounts and fine amounts; secondly,
16  that a schedule of payments be adopted by the defendant and his
17  probation officer within 60 days of the advent of the
18  probationary period for payment on restitution and fine, and
19  third that the defendant be placed on home detention for a
20  period of six months to commence within 21 days of sentencing.
21  This will be subject to electronic monitoring.
22           I intend to order payment of restitution of $5,554;
23  and having assessed the ability of the defendant to pay a fine,
24  I intend to impose the recommended fine of $5,000, both sums to
25  bear interest.

| | |
|---|---|
| 1 | Is there any further argument? |
| 2 | *MS. DAVIES:*  None from the Government. |
| 3 | *MR. HOLLAND:*  No, your Honor. |
| 4 | *THE COURT:*  Then having considered all of the factors |
| 5 | under 3553(a), in accordance with the Sentencing Reform Act of |
| 6 | 1984, it is the judgment of the Court that the defendant, Harry |
| 7 | L. Gayle, be placed on probation for a term of two years. |
| 8 | While on probation, he will not commit another federal, state, |
| 9 | or local crime, will not possess a firearm as defined in 18 |
| 10 | U.S.C. Section 921, and shall comply with the standard |
| 11 | conditions that have been adopted by this court. |
| 12 | The Court imposes both a fine and a restitution |
| 13 | obligation, and it will be a condition of probation that he pay |
| 14 | in accordance with the schedule of payments to be developed |
| 15 | with the probation officer and submitted to the Court for |
| 16 | approval within 16 days -- I'm sorry -- 60 days of the advent |
| 17 | of probation. |
| 18 | The defendant will not unlawfully possess a controlled |
| 19 | substance.  The Court waives the mandatory drug-testing |
| 20 | provisions of 18 U.S.C. Section 3583(d) because the presentence |
| 21 | report indicates a low risk of future substance abuse.  The |
| 22 | defendant will cooperate in the collection of DNA as directed |
| 23 | by the probation officer. |
| 24 | There are three special conditions that will be |
| 25 | imposed here: |

1          The defendant will not incur new credit charges or
2    open additional lines of credit without the approval of the
3    probation officer, and such approval will only be granted if he
4    is in compliance with the periodic payment obligations set
5    forth in the schedule he will adopt with his probation officer.
6          The second requirement will be that he and the
7    probation officer develop a schedule for payment on probation
8    [*sic*] and on the fine within 60 days of the advent of
9    probation.
10         The third requirement is that he be placed on home
11   detention for a period of six months to commence within 21 days
12   of sentencing.  During this period, he will remain at his place
13   of residence at all time other than time spent at work or time
14   spent on other activities approved in advance by the probation
15   officer.
16         The period of home detention will be enforced by
17   electronic monitoring.  And to permit this monitoring, the
18   defendant will maintain a telephone at his place of residence
19   without any special services, modems, answering machines, or
20   cordless telephones.  He will wear an electronic monitoring
21   device and follow other procedures specified by the probation
22   officer and will pay for the cost of electronic monitoring.
23         The restitution amount is set at $5,554.  That sum is
24   payable to the Clerk of the Court, to be disbursed to the
25   victim here, the Internal Revenue Service.  He will pay

```
 1  restitution in accordance with the schedule he develops with
 2  the probation officer.
 3          A fine of $5,000 is imposed, and he will make payments
 4  on that fine in accordance with the schedule to be developed
 5  with his probation officer.
 6          Both the fine and the unpaid restitution will bear
 7  interest.
 8          The defendant will also pay the mandatory special
 9  assessment of $100.
10          Defendant is advised of his right to appeal this
11  sentence.  If you desire to appeal, sir, a notice of appeal
12  must be filed with the Clerk of the Court within ten days after
13  entry of judgment, or you lose your right to appeal.  If you're
14  unable to afford an attorney for an appeal, the Court will
15  appoint one to represent you.  Ordinarily, your current
16  attorney would file the notice of appeal for you; but if he's
17  unable to or if he's unwilling to and you request, I will
18  direct the Clerk of the Court to file a notice of appeal for
19  you.
20          Is there any further business to bring before the
21  Court?
22          *MS. DAVIES:*  No, your Honor.  Thank you.
23          *MR. HOLLAND:*  No, your Honor.
24          *THE COURT:*  Then the defendant's bond is exonerated at
25  the time the judgment is entered.  That will conclude this
```

1   matter, and we will stand in recess.
2       (Recess at 10:55 a.m.)
3                    *   *   *   *   *
4                    **REPORTER'S CERTIFICATE**
5       I certify that the foregoing is a correct transcript from
6   the record of proceedings in the above-entitled matter.  Dated
7   at Denver, Colorado, this 26th day of June, 2006.
8
9                              _____
                                       Paul A. Zuckerman
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25